UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

KAREN KARAKHANIAN et al.,

Plaintiffs,

v.

BLUE HILL SPECIALTY INSURANCE COMPANY INC.,

Defendant.

Case No. 2:26-cv-06753-SB-MAR

ORDER TO SHOW CAUSE RE SANCTIONS AND CONTINUING MANDATORY SCHEDULING CONFERENCE

Plaintiffs filed this action in state court, and Defendant removed it based on diversity. After removal, the parties filed a stipulation extending Defendant's time to answer. Dkt. No. 8. Since then, Plaintiffs appear to have abandoned the case. In advance of the mandatory scheduling conference, Defendant attempted to meet and confer with Plaintiffs on numerous occasions beginning on July 10, and Plaintiffs' lead counsel, Smbat Mamyan, was largely unresponsive except to state that he was out of the country. Two other individuals from Plaintiffs' law firm, Alibi Akylas and George Kulikyan, were included on the email exchange but did not respond. Neither is listed on the docket, although Akylas is an attorney named on the complaint filed in state court and on the stipulation filed in this Court. Plaintiffs' counsel Serob Alajanyan, who is named in the complaint and on the docket, was not included in the emails. Because Plaintiffs did not participate, Defendant filed a unilateral Rule 26(f) report on July 28, the day the joint report was due. Dkt. No. 11.

On July 29, the Court explained that "Plaintiffs' failure to participate in filing a joint report in violation of the Court's order is unacceptable." Dkt. No. 12 (citing Dkt. No. 10 at 3 ("The plaintiff shall draft the report, unless the plaintiff is self-represented or the parties agree otherwise. The report shall be jointly signed and filed as a single submission by all parties.")). The Court ordered the parties to

"promptly meet and confer in person or by videoconference and no later than July 31, 2026, [to] file a joint report that strictly complies with the form and substance required in the Court's order at Dkt. No. 10," cautioning Plaintiffs that "further failure to participate will result in an order to show cause re sanctions and may result in dismissal of the case for lack of prosecution." *Id*. The parties did not comply; no joint report has been filed, and Plaintiffs have not provided any explanation for their failure. Lead counsel's apparent absence from the country during some of the relevant time does not excuse his failure to comply with his obligations, and that failure is even more egregious given the involvement of at least two other attorneys for Plaintiffs who have not suggested that they were unavailable.

The mandatory scheduling conference is continued to August 14, 2026, at 8:30 a.m. The parties shall file their twice-overdue joint Rule 26(f) report no later than August 4, 2026. If Plaintiffs again fail to participate or to timely file the joint report, they will be deemed to have consented to the dismissal of this action for lack of prosecution.

Moreover, Plaintiffs are ordered to show cause on August 14, 2026, at 8:30 a.m. why they and their counsel should not be sanctioned—including by dismissal of the action and imposition of monetary sanctions—under Rule 16(f) and the Court's inherent authority for their repeated violations of the Court's orders and abandonment of their case. No later than August 10, 2026, lead counsel Smbat Mamyan shall file a written response to this order to show cause (OSC). In the written response, Mamyan shall state whether he has ever been sanctioned by any court or agency or the subject of an OSC for failing to follow any court rule or order and shall describe in detail any such OSCs and their outcomes.

Date: August 3, 2026

Stanley Blumenfeld, Jr.
United States District Judge